UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROYAL APPLIANCE MFG. CO. d/b/a TTI FLOOR CARE NORTH AMERICA, TECHTRONIC FLOOR CARE TECHNOLOGY LIMITED, | ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No. |
| v. | ) ) ) |
| EDMAR CORPORATION, COOKS DIRECT, INC., TONY LAGRECA and JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiffs Royal Appliance Mfg Co. d/b/a TTI Floor Care North America ("TTI") and Techtronic Floor Care Technology Limited ("TFCTL") (collectively, "Plaintiffs") as and for their Complaint against defendants Edmar Corporation ("Edmar"), Cooks Direct, Inc. ("Cooks Direct") Tony LaGreca ("LaGreca") and John Doe (collectively, "Defendants") allege as to their own acts and as to events taking place in their presence and upon information and belief as to all other facts, as follows:

**NATURE OF THIS ACTION**

1. This is an action for trademark counterfeiting and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq., and under the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1116(d) as well as related state law claims arising from Defendants' counterfeiting of vacuum bags and improper diversion of Plaintiffs' customers. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Plaintiffs.

2. As a result of Defendants' actions, Plaintiffs are suffering a loss of the enormous goodwill created in their trademarks and are losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Plaintiffs' intellectual property rights and their improper diversion of customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

4. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to Massachusetts General Laws c. 223A § 3 because Defendants misrepresented the authentic nature of their counterfeit vacuum cleaner bags to Massachusetts residents; because Defendants have caused injury to Plaintiffs' trademarks within the Commonwealth; because Defendants practice the unlawful conduct complained of herein, in part, within the Commonwealth; because the unlawful conduct complained of herein causes injury, in part, within the Commonwealth; because Defendants have regular business contacts or solicit business within the Commonwealth; because Defendants regularly and systematically direct electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or offer for sale to Internet users within the Commonwealth. Similarly, because some of Defendants' wrongful acts involved the offering for sale and sale of products that infringe Plaintiffs' trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

**PARTIES**

6. TTI is an Ohio corporation with its principal place of business in Glenwillow, Ohio. TFCTL is a corporation with its principal place of business in Tortola, British Virgin Islands. TTI designs, manufactures, and sells a variety of floor care products and accessories, including but not limited to, vacuum cleaner bags. TTI sells products directly to consumers and through retail stores and authorized resellers.

7. Defendant Edmar Corporation is a Massachusetts corporation with a principal place of business in Duxbury, Massachusetts. Edmar manufactures and resells commercial products including vacuums and accessories.

8. Defendant Cooks Direct, Inc. is an Illinois corporation with principal place of business in Warrenville, Illinois. Cooks Direct resells food service and janitorial products including vacuums and accessories.

9. Defendant Tony LaGreca is the president of Edmar. Upon information and belief, he resides in Massachusetts.

10. The Doe Defendant is the individual or entity that manufactured and/or manufactures counterfeit TTI vacuum bags. The identity of the Doe Defendant is unknown to TTI at this time. TTI believes that information obtained in discovery will lead to the identification of the Doe Defendant. TTI will amend this Complaint to include the name and residence of the Doe Defendant once it has ascertained the same. For purposes of this Complaint, all allegations and claims asserted against Defendants include and are asserted against the Doe Defendant as well.

**FACTS GIVING RISE TO THIS ACTION**

A.   **Plaintiffs' Trademark Usage**

11.   In July of 2003, the U.S. Patent and Trademark Office ("PTO") issued registration number 2,734,838 for use of the ORECK mark on "vacuum cleaner bags" (hereinafter the "ORECK Mark").  TFCTL is the sole and exclusive owner of the federally registered ORECK Mark on the PTO's Principal Register.  TTI, as a related party to TFCTL, is authorized to use the mark within the United States.  The ORECK Mark has been in continuous use since 1964.  A true and correct copy of a printout from the United States Trademark Electronic Search System ("TESS") evidencing this registration is attached hereto as Exhibit 1.  Said registration is in full force and effect, and the ORECK Mark is incontestable pursuant to 15 U.S.C. § 1065.

12.   TFCTL owns and TTI, as a related party, is authorized to use in the United States several other federal trademark and service mark registrations which utilize the ORECK mark. True and correct copies of printouts from TESS evidencing these registrations are attached hereto as Exhibit 2.  Said registrations are in full force and effect, and these marks are incontestable pursuant to 15 U.S.C. § 1065.  The marks contained in Exhibit 2 are hereinafter referred to collectively as the "TTI Marks."

13.   Plaintiffs have also acquired common law rights in the use of the ORECK Mark and TTI Marks throughout the United States.

14.   TFCTL's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Plaintiffs' exclusive ownership and rights in the ORECK and TTI Marks.

15.   Plaintiffs have invested many millions of dollars and have expended significant time and effort in advertising, promoting and developing their ORECK and TTI Marks throughout the United States and the world.  As a result of such advertising and promotion, the

ORECK and TTI Marks have established substantial goodwill and widespread recognition in the minds of the consuming public.

16. To create and maintain such goodwill among its customers, Plaintiffs have taken substantial steps to ensure that products bearing their ORECK and TTI Marks are of the highest quality. As a result, the ORECK and TTI Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

### B. Defendants' Infringing and Improper Conduct

17. Cooks Direct sells a variety of food service and janitorial products via its website cooksdirect.com.

18. Through its website, Cooks Direct advertises and offers for resale "Bissell" vacuum cleaner bags. Bissell Inc. is a competitor of Plaintiffs in the vacuum cleaner bag marketplace.

19. Despite advertising the vacuum cleaner bags as "Bissell" branded bags, the vacuum cleaner bags displayed on Cooks Direct's webpage are bags branded with the ORECK Mark.

20. As follows is a screen capture of this activity from Cooks Direct's webpage:



21. As the product is described as "Bissell" yet shows a picture of ORECK branded bags, customers become confused as to whether they are purchasing a Bissell or ORECK bag.

22. In fact, customer feedback from the page indicates actual confusion as some customers believe that they are receiving ORECK vacuum cleaner bags.

23. When a customer purchases one of these bags from Cooks Direct, Cooks Direct instructs Edmar to fulfill the order and supply the customer with vacuum cleaner bags bearing the ORECK Mark.

24. However, the vacuum cleaner bags bearing the ORECK Mark sold by Cooks Direct and supplied by Edmar are non-genuine imitation vacuum bags (hereinafter the "Counterfeit Vacuum Bags").

25. The Counterfeit Vacuum Bags are nearly identical in appearance to genuine ORECK vacuum cleaner bags, but are inferior in quality and were not manufactured or authorized for resale by TTI.

26. Customers who purchase the Counterfeit Vacuum Bags have no idea that they are getting a counterfeit product rather than the genuine ORECK product.

27. TTI's engineers are able to identify products as counterfeit based on certain physical differences between the Counterfeit Vacuum Bags and packaging and that of genuine products.

28. Edmar's infringing and unlawful acts are not limited to the placing of the Counterfeit Vacuum Bags into the stream of commerce.

29. Defendants are aware that TTI purchased Oreck Inc. ("Oreck") in 2013.

30. Despite knowledge that TTI now owns Oreck, Edmar and LaGreca have informed customers that Oreck is no longer in business or that Oreck is now a part of Edmar or Bissell Inc.

31.     For example, in August of 2014, an individual from Edmar informed the buyer at one of the largest foodservice equipment and supplies distributors that Oreck was now a part of Bissell.  This false representation led to the customer placing products orders with Bissell rather than Plaintiffs.

32.     Further, on October 30, 2015, a regional manager for Plaintiffs met with a potential customer in Massachusetts.  The customer informed Plaintiffs' regional manager that an individual from Edmar named Lance was utilizing an "Oreck" business card to pass himself off as an employee of Plaintiffs.  Furthermore, the individual told the customer that Oreck is out of business and that Oreck is now a part of Bissell.

33.     TTI has received several email communications from customers in which the customer relayed that they had been told that Oreck was now a part of Bissell.  Upon information and belief, these customers were provided this false information by Edmar and LaGreca.

34.     In fact, to this day, LaGreca, the president of Edmar, actively advertises to the marketplace that he is the president of Oreck.

35.     To assist in this falsity, he created a LinkedIn profile that states that his job position is "President of Oreck Commercial Sales."

36.     LinkedIn is a business-oriented social networking service mainly used for professional networking.

37.     LaGreca maintains this professional networking profile, which falsely states that he is the "President of Oreck Commercial Sales," in an attempt to bolster or legitimize his improper attempts of passing off Edmar as Oreck.

38.     Upon information and belief, Edmar has an exclusive commercial distribution arrangement with Bissell providing it a direct financial incentive to improperly divert to Bissell customers seeking Oreck-branded products.

39. As customers seeking products bearing the ORECK and TTI Marks have been improperly diverted to Bissell or Edmar as a result of Edmar and LaGreca's actions, Plaintiffs have been damaged in the form of lost sales, lost profits and through the loss of goodwill in the ORECK and TTI Marks.

40. Edmar and LaGreca have made these false representations to customers for the purpose and intent of diverting Oreck customers to Edmar or to Bissell.

C.  **The Likelihood of Confusion and Injury Caused by Defendants' Actions**

41. The Counterfeit Vacuum Bags sold by the Defendants are not the same or of the same quality as those manufactured and sold by Plaintiffs under the ORECK Mark.

42. As such, consumers who purchase Counterfeit Vacuum Bags are likely to be confused and/or disappointed by obtaining counterfeit vacuum bags when they intended to purchase genuine TTI vacuum cleaner bags.

43. In addition, the sale of Counterfeit Vacuum Bags bearing the ORECK Mark is likely to cause confusion among consumers regarding Plaintiffs' sponsorship or approval of the Counterfeit Vacuum Bags.

44. Furthermore, Edmar's continued representation to customers that Oreck is no longer in business or that Oreck is now a part of Edmar or Bissell Inc. is causing confusion in the marketplace and creating confusion amongst customers as to the source of the products bearing the ORECK and TTI Marks.

45. As a result of Defendants' actions, Plaintiffs are suffering a loss of the enormous goodwill created in the ORECK and TTI Marks and are losing profits from lost sales of products bearing these marks.

46. Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiffs' irreparable harm.

# COUNT I
**Trademark Counterfeiting and Infringement under 15 U.S.C. §§ 1114(1)(a), 1116 and 1117
(As to Edmar, Cooks Direct, and Doe Defendant)**

47. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. The acts of Defendants alleged herein constitute the use in commerce, without the consent of Plaintiffs, of a reproduction, counterfeit, copy, or colorable imitation of the ORECK Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Plaintiffs' rights in the ORECK Mark, all in violation of the Lanham Act.

49. Defendants' use of the counterfeit versions of the ORECK Mark is willful, intentional and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

50. Defendants' counterfeiting and infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitute trademark counterfeiting under 15 U.S.C. § 1114(1)(b).

51. As a direct and proximate result of Defendants' actions, TFCTL has suffered substantial damages. TFCTL is entitled to an injunction and to recover Defendants' profits, all damages sustained by Plaintiffs, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. §1117(a) and §1117(b), which amounts are yet to be determined.

52. As a direct and proximate result of Defendants' acts of willful trademark counterfeiting, TFCTL is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendants.

## COUNT II
**Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)**
**(As to Edmar, Cooks Direct, and Doe Defendant)**

53. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Defendants' acts of selling or distributing counterfeit products as alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of counterfeit vacuum cleaner bags by Plaintiffs.

55. Defendants' counterfeit goods are seemingly identical in appearance to each of Plaintiffs' genuine goods. Defendants' counterfeit goods, however, are different and inferior in quality. As such, the Defendants' conduct is likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the counterfeit goods.

56. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages.

57. Such conduct on the part of Defendants has caused and will continue to cause irreparable injury and harm to Plaintiffs.

## COUNT III
**Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)**
**(As to Edmar and LaGreca)**

58. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. Defendants' continued representations to customers that Oreck is no longer in

business or that Oreck is now a part of Edmar or Bissell Inc. as alleged herein constitute the use in interstate commerce of the ORECK and TTI Marks, in connection with the sale, or offering for sale, of goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Defendants' unfair competition is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs.

60. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages as described above.

61. Defendants' acts have caused and will continue to cause Plaintiffs to suffer irreparable harm.

## COUNT IV
### Unfair Competition under M.G.L. c. 93A
### (As to all Defendants)

62. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. Defendants conduct business within the Commonwealth of Massachusetts.

64. By reason of the foregoing wrongful and infringing acts within the Commonwealth, Defendants have engaged, and continue to engage, in acts of unfair and deceptive competition in violation of Massachusetts law.

65. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

66. Such conduct on the part of the Defendants has caused and will continue to cause damage to Plaintiffs.

## COUNT V
### Willful and/or Negligent Misrepresentation
### (As to Edmar and LaGreca)

67. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. As alleged above, Defendants have represented to members of the industry as well as to potential customers that Oreck is no longer in business or that Oreck is now a part of Edmar or Bissell Inc.

69. These representations are false and Defendants are aware that their representations are false.

70. Defendants made these false representations for the purpose and intent of diverting Oreck customers to Edmar or to Bissell for their own benefit.

71. As customers seeking Oreck products have been improperly diverted to Bissell or Edmar as a result of Defendants' actions, Plaintiffs have been damaged in the form of lost sales, lost profits and through the loss of goodwill.

WHEREFORE, Plaintiffs request that this Court:

A. Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the ORECK or TTI Marks or any mark confusingly similar to the TTI Marks, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition and unfair trade practices.

B. Direct Defendants to pay Plaintiffs the actual damages and profits realized by the Defendants, and the costs and attorneys' fees incurred in pursuit of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

C. Enter judgment that Defendants' acts of infringement, false designation of origin, unfair competition, and unfair trade practices have been knowing and willful.

D. Direct Defendants to pay TFCTL statutory damages in an amount not to exceed two million dollars ($2,000,000) per mark for each of the marks which Defendants have counterfeited, as authorized by 15 U.S.C. § 1117(c)(2).

E. Award Plaintiffs treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

F. Order Defendants to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendants' infringing acts.

G. Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

H. Award Plaintiffs such further relief as this Court may deem just and proper.

<u>Jury Trial Claim</u>

Plaintiffs claim a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiffs,
Royal Appliance Mfg. Co. d/b/a/ TTI Floor Care North America and Techtronic Floor Care Technology Limited,
by its attorneys,

/s/ Morgan T. Nickerson
Jeffrey S. Patterson (BBO# 671383)
Christopher S. Finnerty (BBO# 657320)
Morgan T. Nickerson (BBO# 667290)
K&L GATES
State Street Financial Center
One Lincoln Street
Boston, MA 02110
617 261 3100
617 261 3175 (f)
jeffrey.patterson@klgates.com
chris.finnerty@klgates.com
morgan.nickerson@klgates.com

Dated: April 21, 2016